**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CONSTANCE M. TOMLIN,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MAE M. PEASE, PA-C, et al.,** | : | **No. 14-202** |
| **Defendants.** | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                    **April 4, 2014**

      Plaintiff Constance Tomlin brought tort claims in the Court of Common Pleas of Philadelphia County against a number of Defendants, asserting that their medical negligence caused her lung cancer to worsen. The United States certified that four of the Defendants named by Tomlin were employees of the Public Health Service (the "Federal Defendants"), successfully substituted itself as the sole federal defendant, and removed the case to federal court on the ground that Tomlin's claims against the Government must be construed as Federal Tort Claims Act (FTCA) claims. The United States then moved to dismiss Tomlin's claims against it because she failed to exhaust her administrative remedies, as required by 28 U.S.C. § 2675(a). While that motion was pending, the remaining Defendants ("Non-Federal Defendants") filed cross-claims against each other and against the United States. The Court granted the United States' motion to dismiss Tomlin's claims against it as uncontested, but did not dismiss the cross-claims against the United States. The United States now moves to dismiss these cross-claims, asserting that the Court's jurisdiction over the cross-claims was merely supplemental to its jurisdiction over Tomlin's FTCA claims, and that this Court therefore no longer retains jurisdiction over the cross-claims. For the following reasons, the motion is denied.

I.      **BACKGROUND**

      A.      **Factual Background**

Tomlin's medical negligence Complaint named ten parties as Defendants: Mae M. Pease, Susan Glennon, Leila S. Hardware, Cooke Family Health Center (CFHC), Quality Community Health Care Inc. (QCHC), James C. King, Premier Radiology, Saint Thomas Imaging Network, Bravo Health Advanced Care Center (BHACC), and Cigna.[1] Tomlin asserts that she visited CFHC/QCHC on March 20, 2012, complaining of "pleuritic pain." (*Id.* ¶ 21.) She asserts that her blood work and chest x-ray should have alerted Defendants to the likelihood that Tomlin had lung cancer. (*Id.* ¶¶ 22-41.) Additionally, Tomlin complains that the medical professionals and facilities did not properly communicate with one another, interpret the medical tests, order follow-up testing or procedures, or advise Tomlin of any abnormalities. (*Id.* ¶¶ 22-42.) Roughly one year later, Tomlin visited an emergency room complaining of shortness of breath, and a CT scan revealed that she had lung cancer. (*Id.* ¶¶ 44-45.) "By the time Constance Tomlin's lung cancer was fully diagnosed, it was metastatic and had progressed to Stage IV." (*Id.* ¶ 47.)

All six counts of Tomlin's Complaint assert that Defendants were negligent in treating her in March 2012, and that this negligence harmed her by allowing her lung cancer, which was more treatable in March 2012, to progress to a much more serious stage by the time of her diagnosis in March 2013.  (*Id.* ¶¶ 58-78.)

---

[1] The Court will refer to QCHC, CFHC, Pease, and Hardware collectively as the "Federal Defendants;" James C. King, Premier Radiology, and Saint Thomas Imaging Network as the "Imaging Defendants;" and Susan Glennon and BHACC as the "BHACC Defendants." Together, the Imaging Defendants and BHACC Defendants are the "Non-Federal Defendants." The parties stipulated to Cigna's dismissal from this case.

B.      **Procedural History**

The United States, on behalf of the Federal Defendants, removed the case to federal court, certifying that the Federal Defendants are entities and employees of the Public Health Service. Because the Federal Tort Claims Act (FTCA) is the exclusive remedy for common law tort claims raised against an employee of the Public Health Service acting within the scope of his or her employment, and because the federal courts have exclusive jurisdiction over FTCA actions, removal to this Court was proper. The United States, acting on behalf of the Federal Defendants, moved to substitute the United States as the sole federal defendant, as a common law tort action against certain federal employees must be "deemed a tort action brought against the United States." 42 U.S.C. § 233(c).

The United States also moved to dismiss Tomlin's FTCA claim against it. (Mot. of Fed. Defs. to Substitute the United States as Sole Fed. Def. and Dismiss them with Prejudice, and Mot. of United States to Dismiss Compl. [First Fed. Mot. to Dismiss] at 4.) An FTCA action cannot be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ." 28 U.S.C. § 2675(a). Because Tomlin had not filed an administrative claim, the United States argued, she had not properly asserted a claim under the FTCA, her only available remedy. (First Fed. Mot. to Dismiss at 5-6.) The administrative exhaustion requirement is jurisdictional; a plaintiff's failure to file an administrative complaint before filing a lawsuit deprives the district court of subject matter jurisdiction over the claim. *See Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971).

While that motion was pending, the Imaging Defendants answered the Complaint and asserted cross-claims for contribution and indemnification against the Federal Defendants and

3

the BHACC Defendants, and the BHACC Defendants also answered the Complaint and asserted cross-claims against the Imaging Defendants and Federal Defendants. On February 11, 2014, when the time for the Tomlin to oppose the United States' motion had elapsed, the United States sent a letter to this Court requesting that the motion be granted as uncontested, and that the United States be dismissed from the matter. In response, the Imaging Defendants and BHACC Defendants each sent a letter to the Court, asking that the United States not be dismissed entirely from the case, and asserting that their cross-claims provided an independent basis for federal jurisdiction over the case.

The Court granted as uncontested the United States' motion to dismiss Tomlin's claims against it. However, because the Non-Federal Defendants' cross-claims were asserted before the dismissal of Tomlin's claims against the United States, and because the United States' motion to dismiss did not directly address the cross-claims, the Court's Order did not dismiss the cross-claims. *See Fairview Park Excavating Co. v. Al Monzo Const. Co.*, 560 F.2d 1122, 1125 (3d Cir. 1977) ("[D]ismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a codefendant." (citation omitted)); 6 Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 1431 (3d ed.) ("The subsequent dismissal of the original claim itself, or the dismissal of that claim against the coparty, does not require that a previously interposed crossclaim also be dismissed[.]"). In response to the correspondence from the parties, the Court issued the February 19, 2014 Order, which instructed the parties to fully brief the jurisdictional issues raised in their letters by March 7, 2014.

Now before the Court is the Motion of the United States of America, and Federal Defendants to Dismiss Cross Claims Against Them, which asks the Court to dismiss the Non-

Federal Defendants' cross-claims against the United States for lack of jurisdiction.[2] The Court will deny the motion because it finds that the cross-claims filed by the Non-Federal Defendants against the United States were properly asserted under the FTCA and provide an independent basis for this Court to exercise federal jurisdiction over these claims.

## II.  STANDARD OF REVIEW

Motions to dismiss for lack of subject matter jurisdiction are granted "grudgingly." *Harrison v. Local 54 of Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO*, 518 F.2d 1276, 1283 (3d Cir. 1975) (dismissing a pro se complaint). "Dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 80 (3d Cir. 2003) (internal citation omitted).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a district court must distinguish between facial and factual challenges to its subject matter jurisdiction. *Mortensen v. First Fed. Savs. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction . . . [whereas] a 'factual' attack asserts that jurisdiction is lacking on the basis of facts outside of the

---

[2] The United States' brief also urges the Court to substitute the United States as the sole federal defendant in the cross-claims. It is undisputed that the cross-claims asserted by the Non-Federal Defendants are now construed as FTCA claims, and that the United States is the only proper defendant in an FTCA claim. *See Brown v. U.S. Justice Dep't*, 271 F. App'x 142 , 144-45 (3d Cir. 2008). The United States' argument is moot because the Order of February 19, 2014 substituted the United States as the sole defendant in this case. *See* Order of February 19, 2014 (noting that the "four Federal Defendants] are dismissed with prejudice for lack of subject matter jurisdiction; and . . . the United States is substituted as the sole federal defendant").

pleadings." *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005) (citing *Mortensen*, 549 F.2d at 891); *see also M & M Stone Co. v. Pa., Dep't of Envtl. Protection*, Civ. A. No. 07-4784, 2008 WL 4467176, at * 13 (E.D. Pa. Sept. 29, 2008) (noting that the assertion of Eleventh Amendment immunity as a defense is properly treated as a facial challenge). In reviewing a facial attack on the court's subject matter jurisdiction, the court is required to assume that the plaintiff's allegations are true. *See Mortensen*, 549 F.2d 884 at 891. To do so, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). If the attack is factual, however, the court is not confined to the allegations in the complaint and "can look beyond the pleadings to decide factual matters relating to jurisdiction." *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2000) (citation omitted). As there are no disputed facts in this case and the question before the Court is purely legal, the United States' attack on the Non-Federal Defendants' cross-claims is properly described as facial.

## III.    DISCUSSION

The United States contends that this Court's jurisdiction over the Non-Federal Defendants' cross-claims was merely supplemental to its jurisdiction over Tomlin's FTCA claim against the United States, and that the Court's dismissal of Tomlin's claims on jurisdictional grounds requires the dismissal of the cross-claims. Because it is true that, "[i]f a federal court dismisses a plaintiff's claim for lack of subject-matter jurisdiction, any cross-claims dependent upon ancillary jurisdiction must necessarily fall as well," this Court may only maintain jurisdiction over the cross-claims if it finds an independent basis for federal jurisdiction over

them. *Fairview*, 560 F.2d at 1125. The principal dispute between the parties is whether cross-claims were properly asserted under the FTCA, which would provide an independent basis for federal jurisdiction.

### A.     Federal Jurisdiction over FTCA Cross-Claims

"It is well settled that the United States enjoys sovereign immunity from suits and, accordingly, may be sued only if it has waived that immunity." *Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 93-94 (3d Cir. 1995). In passing the FTCA, Congress made an explicit waiver of sovereign immunity for claims stemming from certain actions or omissions of federal employees acting within the scope of their employment. *Id.* at 95-96. The Supreme Court has held that, in passing the FTCA, "the Government has consented to be sued for contribution" in a third-party action. *United States v. Yellow Cab Co.*, 340 U.S. 543, 552 (1951). All claims that are properly asserted pursuant to the FTCA, including cross-claims, must proceed in federal court. 28 U.S.C. § 1346.

In *Carr v. American Red Cross*, the Third Circuit held that a cross-claim brought against the Red Cross, a federal entity, must proceed in federal court even when the plaintiff no longer had a claim against the Red Cross because the parties had settled that claim. 17 F.3d 671 (3d Cir. 1994). The defendant bringing the cross-claim argued that "the cross-claim required Red Cross' continued presence in the litigation and created a basis of original subject matter jurisdiction independent of [the plaintiff's] direct claim against Red Cross." *Id.* at 683. Noting that the Red Cross charter "confers federal jurisdiction over civil cases to which Red Cross is a party," the Third Circuit held that there was "no doubt" that the federal district court maintained jurisdiction over the cross-claim against the Red Cross, even though the plaintiff no longer had a claim against the Red Cross. *Id.* at 674, 684. Similarly, FTCA cross-claims must proceed in federal

7

court regardless of whether the plaintiff has a claim pending against the United States. *Accord Rodgers v. Se. Penn. Trans. Co.*, Civ. A. No. 06-1640, 2006 WL 2924562, at *2 (E.D. Pa. Oct. 5, 2006) (relying on *Carr* in holding that "it is clear that this Court retains jurisdiction over [the FTCA] cross-claim against the United States").

**B.    FTCA Administrative Exhaustion Exception for Cross-Claims**

The United States argues that the cross-claims were not properly asserted under the FTCA because no prior administrative complaint was filed by the Non-Federal Defendants or by the Plaintiff. A plaintiff must exhaust administrative remedies before filing an FTCA claim. *See Bialowas*, 443 F.2d at 1049. However, the section of the FTCA creating the administrative exhaustion requirement concludes with the following language: "The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." 28 U.S.C. § 2675(a). Thus, though the Non-Federal Defendants never filed an administrative complaint, they contend that the cross-claims were properly asserted under the FTCA.

The United States contends that the administrative exhaustion exception in § 2675(a) was not intended to waive sovereign immunity when, as here, no party has filed an administrative complaint and thus the government has not been put on notice. In so arguing, the United States relies on *Ace American Insurance Co. v. Fujifilm Smart Surfaces, LLC*, which sets forth the following theory of the FTCA's administrative exhaustion requirement:

> [T]he purpose of the crossclaim exception in 28 U.S.C. § 2675(a) is to relieve a crossclaimant of any need to file an administrative claim against the government if the government is already on notice of a claim based on the same transaction or occurrence due to proper administrative procedures having been followed with respect to the plaintiff's claim against it. Here, no administrative claim was filed, and therefore the government was never put on notice. The FTCA . . . provide[s]

8

only [a] limited waiver[] of sovereign immunity, and before any waiver occurs, a
plaintiff must file an administrative claim.

Civ. A. No. 11-3435, 2012 WL 85641, at *3 (E.D. Pa. Jan. 10, 2012).

The Court is not persuaded by this theory of the FTCA, and instead believes that the
administrative exhaustion exception in § 2675(a) was meant to relieve cross-claimants of the
burden of filing an administrative complaint before bringing the cross-claim, even where the
plaintiff never filed an administrative complaint. The FTCA plainly states that FTCA cross-
claimants need not file an administrative complaint in order to have properly asserted an FTCA
claim. *See United States v. Geiser*, 527 F.3d 288, 294 (3d Cir. 2008) ("When determining a
statute's plain meaning, our starting point is 'the ordinary meaning of the words used.'" (internal
citation omitted)). The Court sees no reason to depart from the plain meaning of the statute.
Additional considerations further support the Court's conclusion that the administrative
exhaustion exception applies in this case.

First, the administrative exhaustion exception in § 2675(a) applies to third-party
complaints as well as cross-claims, and third-party complaints brought under the FTCA are
regularly maintained against the United States in federal court, though no party has filed an
administrative complaint. *See, e.g.*, *Thompson v. Wheeler*, 898 F.2d 406, 410 (3d Cir. 1990)
("We also hold that Wheeler's failure to file an administrative claim as ordinarily required by 28
U.S.C. § 2675(a) is not a bar to the third party complaint."); *DiFillippo v. Quaker State Certified
Dev. Co., Inc.*, Civ. A. No. 87-0074, 1987 WL 11221, at *2 (E.D. Pa. May 19, 1987) (holding in
an FTCA case that a third-party plaintiff properly filed an FTCA claim because, "under the third-
party exception [in § 2675(a), the third-party plaintiff] was not required to file an administrative
claim"). As the statutory language does not distinguish between cross-claims and third-party

9

complaints, it would be improper to require FTCA cross-claimants to file an administrative complaint when the Third Circuit has clearly indicated that FTCA third-party plaintiffs need not exhaust administrative remedies. *See Clark v. Martinez*, 543 U.S. 371, 378 (2005) (noting, in interpreting a statutory subsection that referred to three categories of individuals, that "[t]o give these same words a different meaning for each category would be to invent a statute rather than interpret one").

Additionally, the Third Circuit's explanation of Congress's rationale for the administrative exhaustion exception supports the application of the exception in this case. In commenting on the reasons for the exception for third-party FTCA complaints, the court notes that, "[i]n [that] instance, the third-party plaintiff is forced into the action by the plaintiff and has no choice but to assert any claims he might have against those who might be responsible for the acts he is charged with in the plaintiff's complaint." *Rosario v. Am. Exp.-Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1234 (3d Cir. 1976) (holding that a party was an FTCA plaintiff and that he must exhaust administrative remedies before filing a complaint). This rationale applies equally to defendants who assert FTCA cross-claims against the United States, as they have also been "forced into the action" and must assert their claims for contribution and indemnity against the United States as cross-claims. Indeed, because of the nature and timing of cross-claims, it would be highly impractical (if not impossible) for the defendant/cross-claimant to give administrative notice to the United States before the lawsuit commences.

The Court sees no reason to find that the administrative exhaustion exception in the FTCA does not apply to cases in which no administrative complaint has been filed. Because the Court finds that the cross-claims were properly asserted pursuant to the FTCA, the Court also finds that the cross-claims provide an independent basis for this Court to exercise jurisdiction.

*See* 28 U.S.C. § 1346(a) (vesting original jurisdiction over FTCA claims in the federal district courts). This conclusion is consistent with the conclusion of at least one other court in this district. *See Rodgers*, 2006 WL 2924562, at *2 (holding that FTCA cross-claims asserted against the United States provided an independent basis for federal jurisdiction where the plaintiff's FTCA claim had been dismissed for failure to exhaust administrative remedies, and exercising supplemental jurisdiction over the remaining claims in the case).[3]

Finally, the Court will exercise supplemental jurisdiction over Tomlin's claims against the Non-Federal Defendants, as well as all other cross-claims in this case. The cross-claims against the United States must be heard in federal court, and the remaining claims are part of the same case or controversy and derive from a common set of facts. *See* 28 U.S.C. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Rodgers*, 2006 WL 2924562, at *2. Thus, exercising supplemental jurisdiction over the remaining claims and cross-claims best serves the interest of efficiency.

## IV.    CONCLUSION

As the Non-Federal Defendant's cross-claims against the United States were properly asserted under the FTCA, which provides a basis for federal jurisdiction, the United States' motion to dismiss the cross-claims against it is denied. An Order consistent with this Memorandum will be docketed separately.

---

[3] The United States highlights this Court's decision in *Medina v. City of Philadelphia* as contrary to the decision reached in this case. Civ. A. No. 04-5698, 2005 WL 1124178 (E.D. Pa. May 9, 2005). Though this Court faced similar issues in that case, the parties did not specifically assert that the FTCA cross-claims provided an independent basis of jurisdiction. Now that this issue is fully briefed and squarely before the Court, it concludes that jurisdiction over the FTCA cross-claims is proper.

11